## GREEN v. HINKLEY.

1. **Agency:** IMPLIED FROM PREVIOUS AUTHORITY. Where the plaintiff delivered lumber on defendant's account to one who falsely represented himself to be the agent of defendant, it was held that the fact that such person had been authorized to purchase lumber from plaintiff by the defendant, while temporarily in his employment, nearly a year before, would not justify the plaintiff in inferring that the authority still existed.

*Appeal from Linn Circuit Court.*

FRIDAY, DECEMBER 12.

ACTION to recover $70.50 as money due on account for lumber alleged to have been sold by plaintiff to defendant. The defendant denies the purchase of the lumber. The plaintiff offered himself as a witness, and testified in substance that he was a dealer in lumber at Cedar Rapids; that one Hight, a carpenter, applied to him to purchase the lumber in question for the defendant; that the plaintiff supposed that Hight was

Green v. Hinkley.

employed by the defendant and authorized to buy the lumber for him; that he sold the lumber upon the supposition that he was selling it to defendant, and charged it to him; that his supposition that Hight was authorized to buy the lumber for the defendant was based upon the fact that Hight had on three or four occasions prior to that time, when employed by the defendant in repairing his house for him, purchased lumber of plaintiff for the defendant, and the defendant paid for it. The fact is that Hight had no authority to buy the lumber in question for the defendant, and the defendant did not receive the benefit of it.

There was a trial without a jury, and judgment was rendered for the plaintiff for the amount claimed. Defendant appeals.

*C. J. Deacon*, for appellant.

*A. D. Collier*, for appellee.

ADAMS, J. The court gave a certificate of appeal in which the following questions are certified: "1st. Are the facts as shown by the plaintiff sufficient to imply an agency on the part of Hight to purchase the lumber for Hinkley of the plaintiff Green? 2d. If sufficient to establish an agency, was Hight acting within the scope of his authority?"

1. AGENCY: implied from previous authority.

If at the time Hight purchased the lumber in question he had been still at work for defendant upon the job for which he purchased lumber by defendant's authority, it appears to us that plaintiff would have been justified in assuming that the authority was still continued. But the authority could not be presumed to continue indefinitely after the job was done. How much time had elapsed since the previous orders the plaintiff's testimony does not show. He undertakes to make some statement about it, but he finally says he cannot give the dates without his books. The lumber in question was sold in May, 1877. The defendant shows by his testimony that the repairs upon his house were made the summer previous, and were completed about the 4th of July. The plaintiff testified that he knew that the lumber bought in 1876 was

used in making repairs upon defendant's house. He could not properly have supposed that the authority to purchase lumber for repairs given the year previous was of itself authority to buy the lumber in question, nor did any presumption arise that Hight was doing for defendant the job for which the lumber was bought, merely because he had been employed to make repairs for him the year previous. The plaintiff doubtless supposed that Hight was acting under a new authorization. But such a supposition did not justify him in selling the lumber upon the defendant's credit. One authorization does not justify the presumption that a different one is given.

There is some evidence tending to show that after the lumber was sold the plaintiff was informed of facts which gave him reason to suppose that the defendant had the benefit of the lumber, but that is entirely immaterial. If the lumber had really been bought for defendant, he would of course be liable. The question is as to whether he should be made to pay for the lumber which Hight bought for himself. If he should, it must be merely because he employed Hight the year before to make some repairs, and authorized him to buy some lumber for the work. But as we have seen, that authority would not presumably include the authority to buy the lumber in question, and there is no presumption in any case as to a renewal of authority. We think the court erred in rendering judgment for the plaintiff.

REVERSED.